**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1338
_____

UNITED STATES OF AMERICA

v.

SHANT S. HOVNANIAN; PETER HOVNANIAN,
in his capacity as trustee for the Pachava Asset Trust;
NINA HOVNANIAN, both in her individual capacity
and as trustee for the VSHPHH Trust;
ADELPHIA WATER COMPANY INC; MTAG SERVICES LLC;
ULYSSES ASSET SUB II LLC; TOWNSHIP OF HOWELL;
VAPACHA LLC; PACHAVA ASSET TRUST; VSHPHH TRUST

Pachava Asset Trust and VSHPHH Trust,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-18-cv-15099)
District Judge: Zahid N. Quraishi
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2023

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed: February 5, 2024)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

VSHPHH Trust ("VSHPHH" or the "Trust") appeals the District Court's grant of partial summary judgment in the Government's favor and its Order of Sale of a VSHPHH-held property, the Village Mall, to satisfy co-defendant Shant Hovnanian's outstanding federal tax obligations. Specifically, the Trust argues that the District Court erred by treating VSHPHH as Hovnanian's third-party nominee because Hovnanian never held title to the Village Mall. Because the record establishes that Hovnanian exercised substantial control over the Village Mall after it was transferred to the Trust, we will affirm.

I.     DISCUSSION[1]

To satisfy a delinquent taxpayer's outstanding liabilities, the Government may attach liens to property that is under the taxpayer's control or the control of a third party who is the taxpayer's nominee. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 349–51 (1977). State law determines whether a third party may be treated as the taxpayer's nominee. *See Drye v. United States*, 528 U.S. 49, 58 (1999). Here, the Trust argues that

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

[1] The District Court had jurisdiction under 26 U.S.C. § 7402(a) as well as 28 U.S.C. §§ 1340 and 1345. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Am. Home Assurance Co. v. Superior Well Servs., Inc.*, 75 F.4th 184, 188 n.4 (3d Cir. 2023).

2

the District Court erroneously determined that it was a third-party nominee under New Jersey law. Specifically, the Trust argues that it is not a third-party nominee under the six factors articulated in *United States v. Patras*, 544 F. App'x 137 (3d Cir. 2013). Those factors are:

> (1) whether the nominee paid adequate consideration for the property; (2) whether the property was placed in the nominee's name in anticipation of a suit or other liabilities while the taxpayer continued to control . . . the property; (3) the relationship between the taxpayer and the nominee; (4) the failure to record the conveyance; (5) whether the property remained in the taxpayer's possession; and (6) the taxpayer's continued enjoyment of the benefits of the property.

*Id.* at 141 (alteration in original) (quoting *United States v. Patras*, 909 F. Supp. 2d 400, 410 (D.N.J. 2012), *aff'd*, 544 F. App'x 137) (summarizing New Jersey case law). The Trust's contention is not persuasive.

The fourth of these factors weighs in Hovnanian's favor, as the transfer of title was recorded. But this factor is not dispositive and may be accorded relatively little weight if the other factors suggest that the Trust acted as Hovnanian's nominee. *See Patras*, 544 F. App'x at 142. That is the case here, where the remaining five factors weigh in favor of treating VSHPHH as a third-party nominee.

First, VSHPHH was paid only nominal consideration for the Village Mall, as the Trust purchased title to the property for a single dollar. Second, the timing of the transfer suggests that the Village Mall was placed in the Trust's possession in order to circumvent Hovnanian's tax liabilities and to assist Hovnanian financially, as Hovnanian's parents did not transfer title to VSHPHH until after the IRS filed several multimillion-dollar federal tax liens against Hovnanian and shortly before Hovnanian finalized his divorce.

3

Third, Hovnanian's close relationship with VSHPHH—he was the co-trustee of VSHPHH with his sister, and his children were named beneficiaries of the Trust—counsels strongly in favor of treating the Trust as a third-party nominee.

The fifth and sixth factors also suggest that the Trust acted as a third-party nominee, as Hovnanian retained significant control over the Village Mall after the transfer and continued to enjoy the benefits of the property. Hovnanian was the co-trustee of VSHPHH when the Trust obtained title to the Village Mall in 2015, and he remained in that role until 2017. After the transfer, Village Mall tenants considered Hovnanian to be their landlord and viewed him as the person in charge of the property. Hovnanian made decisions about the property's expenses, often without meaningful input from his co-trustee, and he used his personal account to pay the property's expenses, even satisfying a lien on the property using money obtained from his divorce proceedings. He also comingled profits from the Village Mall with his personal assets and used them to pay for his personal expenses.

The Trust argues that none of the six *Patras* factors can be satisfied because Hovnanian himself never held title to the Village Mall. But we have never suggested that a delinquent taxpayer must have actually possessed title to a piece of property in order for a nominee lien to attach. On the contrary, a party acts as a third-party nominee when the property remains under the delinquent taxpayer's control despite the legal fiction that title to the property is technically in the name of the third party. *See, e.g.*, *Holman v. United States*, 505 F.3d 1060, 1065 (10th Cir. 2007) ("Although in many instances the delinquent taxpayer will have transferred legal title to a third party, an actual transfer of

legal title is not essential to the imposition of a nominee lien.").  The undisputed facts here confirm that Hovnanian exercised substantial control over the Village Mall after 2015, even if he never actually held title to the property, and that the Mall was transferred to the Trust so that the property would not be subject to Hovnanian's tax liabilities. Under these circumstances, we are satisfied that the District Court did not err by concluding that the Trust obtained title to the Village Mall as Hovnanian's third-party nominee.[2]

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's grant of partial summary judgment and its Order of Sale.

---

[2] The Trust also argues that the District Court should have exercised its discretion to decline to order a sale of the Village Mall.  But the Trust forfeited this argument by failing to raise it before the District Court.  *See Del. Dep't of Nat. Res. & Env't Control v. U.S. Army Corps of Eng'rs*, 685 F.3d 259, 280 n.22 (3d Cir. 2012).